# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01262-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Jorge Luis Valdez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 8, 2019, the Court issued a screening order granting Plaintiff leave to file an amended complaint within thirty (30) days. (ECF No. 10.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (Id. at 8.) The deadline has expired, and Plaintiff has failed to file

1

an amended complaint or otherwise communicate with the Court.

**II.    Failure to State a Claim**

    **A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

    **B.    Plaintiff's Allegations**

Plaintiff is currently housed at Calipatria State Prison in Calipatria, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff sues the following defendants in their individual and official capacities: (1) Randolph Wilson, Physician Assistant; and (2) U. Baniga, Supervisor Chief Physician.

Plaintiff alleges that defendants have violated his Eighth Amendment rights by denying him medical accommodations and medications. In relevant part, Plaintiff alleges that he arrived at CCI on June 10, 2015. Upon his arrival, he submitted a medical slip request in order to be seen by medical staff.

On July 7, 2016, Plaintiff was seen by Defendant Wilson. Plaintiff explained to Defendant Wilson that he was suffering pain in numerous parts of his body from different accidents and incidents throughout his life. Plaintiff further explained that he had excruciating pain in his left thigh due to a gunshot wound he suffered during his arrest on April 10, 2014. Plaintiff also indicated that he was suffering from ankle pain in his right foot from orthopedic problems and back pain from a motorcycle accident and inmate assault. Plaintiff informed Defendant Wilson that he initially was prescribed Gabapentin for pain in 2008 while at Corcoran State Prison for his right ankle. He was paroled in February 2013, but continued to receive treatment and was prescribed the same medication. Plaintiff also informed Defendant Wilson that before he paroled, Plaintiff had permanent comprehensive accommodation chronos for orthopedic boots and tennis shoes and a chrono for an ankle brace support. Plaintiff expressed that he would like to receive them back.

Defendant Wilson conducted his own assessment and said that there was no indication of orthopedic shoes. Plaintiff then explained that during his arrest, he was shot and wounded, and was receiving Gabapentin and Tramadol in the county jail for fifteen months. On his arrival at Wasco State Prison Reception Center, Plaintiff's medications were cancelled by medical staff. He was afforded the opportunity to take a psychiatric medication, but he declined.

Plaintiff alleges that Defendant Wilson was not only aware of his medical situation by Plaintiff's explanation, but also through Plaintiff's medical files and his continuous requests for medical treatment. Defendant Wilson recorded in the progress notes that there was no indication of "ULTRAN OR NEURNTIN," which Plaintiff alleges are other names for Gabapentin and Tramadol. (ECF No. 1 at 5.) Plaintiff also explained to the Defendant Wilson that these medications worked for him and his neuropathy, but Defendant Wilson only offered a psych medication that Plaintiff refused. Plaintiff explained that he had given it an opportunity before,

3

but it did not work or alleviate the pain and only made him drowsy.

After numerous consultations with Defendant Wilson, and allegedly no adequate or proper treatment, Plaintiff began to suffer emotional distress. Plaintiff felt that Defendant Wilson was doing it on purpose, telling Plaintiff to write it up if he didn't agree.

Plaintiff alleges that he has been suffering for two years and has requested medical attention and treatment to no avail. Plaintiff claims that both defendants are equal participants in this matter because they were both aware of the situation and did nothing to help Plaintiff with his medical needs. Plaintiff alleges that the supervisor learned of the violation of Plaintiff's rights, but failed to do anything to fix the situation and that the supervisor created a policy or custom allowing or encouraging the illegal acts or failed to adequately train or supervise his subordinates.

Plaintiff seeks declaratory and injunctive relief.

**C.     Discussion**

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted.

**1.     Linkage Requirement and Supervisor Liability**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to include any factual allegations involving Defendant Baniga. Indeed, there are no allegations in the complaint to suggest that Defendant Baniga took an

affirmative act, participated in another's affirmative acts or omitted to perform an act resulting in a violation of Plaintiff's constitutional rights.

Insofar as Plaintiff attempts to impose liability against Defendant Baniga based on his role as supervisor, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff must link Defendant Baniga through allegations that he participated in or directed any violations, knew of any violations and failed to act to prevent or by identifying a policy that was so deficient that the policy itself is a repudiation of Plaintiff's rights. Plaintiff's legal conclusions are not sufficient to state a cognizable claim against Defendant Baniga.

**2.   Eighth Amendment – Denial of Access to Medical Treatment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo Cty., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and the official must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Moreover, negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191–92 (E.D. Cal. 2008).

Plaintiff's complaint fails to state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs. At best, Plaintiff's complaint alleges a difference of opinion between Plaintiff and his medical providers regarding the appropriate course of treatment. Further, exhibits attached to Plaintiff's complaint demonstrate that in October 2016 there was no medical indication for Ultram and Neurontin, ankle x-rays were normal, there was no objective evidence of severe disease and there was no medical indication for orthopedic shoes. (ECF No. 1 at 44.) Further, in July 2018, Plaintiff reportedly indicated that he did not want pain medication for the gunshot wound to his thigh. (Id. at 55.)

### 3. Declaratory Relief

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a

declaration that any defendant violated Plaintiff's rights is unnecessary.

#### 4. **Injunctive Relief**

Insofar as Plaintiff seeks injunctive relief, any such request is now moot. Plaintiff is no longer housed at CCI, where he alleges the incidents at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief he seeks against the officials at CCI is moot.[1] See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

#### 5. **State Law Claims**

Based on language in his complaint, Plaintiff may be attempting to pursue a state law claim for intentional infliction of emotional distress. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court will not screen Plaintiff's state law claim.

///

///

///

---

[1] Plaintiff's complaint does not appear to request available relief, such as money damages.

**III.  Failure to Prosecute and Failure to Obey a Court Order**

  **A.  Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

  **B.  Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's January 8, 2019 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (ECF No. 10, p. 8.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.     Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

///

///

///

9

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2019**       /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE